IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 11-cv-02881-CBS

FRED JOHNSON,
         Plaintiff,
v.

DEPARTMENT OF VETERANS AFFAIRS,
DENVER VA MEDICAL CENTER, and its employees, Agents and Officers including but not
limited to,
ERIC. K. SHINSEKI, Secretary Department of Veterans Affairs, and
LYNETTE ROFF, Hospital Administrator Denver VA Medical Center,
         Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

This civil action comes before the court on "Defendants' Motion to Dismiss Pursuant to

Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(b)(6)."  On March 26, 2012, the above-captioned

case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters

including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ.

P. 73, and D.C. COLO. LCivR 72.2.  (*See* Doc. # 33).  The court has reviewed the Motion,

Mr. Johnson's Amended Response (filed March 23, 2012) (Doc. # 32), Defendants' Reply

(filed April 9, 2012) (Doc. # 39), the pleadings, the exhibits, the arguments presented at the

hearing held on July 20, 2011, and the entire case file and is sufficiently advised in the

premises.[1]

_____

[1]    In addressing Defendants' Motion under Rule 12(b)(1), the court need not presume all
of the allegations contained in the AC to be true, "but has wide discretion to allow affidavits,
other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . .
." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation
omitted).

I.      Statement of the Case

        Mr. Johnson began his employment for the United States Department of Veterans

Affairs ("VA") as a Respiratory Therapist in March 1991.  (*See* Amended Complaint ("AC")

(Doc. # 5) at 12 of 27).  Mr. Johnson "was a bargaining unit employee covered by" the

"Master Agreement between the Department of Veterans Affairs and the American

Federation of Government Employees" ("Union").  (*See id.*).  Mr. Johnson was terminated

from his employment on January 3, 2009.  (*See id.* at 13 of 27).  Mr. Johnson alleges three

claims against Defendants for race, color, and gender discrimination in breach of the Master

Agreement and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

*seq.,* for: (1) making employment decisions based on "ill founded gossip and rumors," (2)

failure "to issue the required yearly written employment evaluation to the plaintiff for the years

2006, 2007 and 2008," and (3) unspecified acts of discrimination, harassment, and retaliation

for filing an EEO charge of discrimination in December 2007.  (*See* Doc. # 5 at 2-15 of 27).

Mr. Johnson seeks extensive monetary and injunctive relief.  (*See* Doc. # 5 at 17-19 of 27).


II.     Standard of Review

        Defendants move to dismiss the AC pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of

jurisdiction over the subject matter."  Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate

the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal

courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically

authorized to do so).  Defendants' argument that Mr. Johnson did not exhaust his

administrative remedies prior to bringing his Title VII claims constitutes a challenge to subject

matter jurisdiction.  *See Bertsch v. Overstock.com*, 684 F. 3d 1023, 1030 (10th Cir. 2012) (This court has held the exhaustion requirement is a jurisdictional prerequisite to suit under Title VII.") (citation omitted).   Mr. Johnson has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Fed. R. Civ. P. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Johnson appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").   However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

A.    Defendants Denver VA Medical Center and Lynette Roff

The only proper defendant for Mr. Johnson's Title VII federal employment discrimination claims is the head of the agency where he was employed.  *See* 42 U.S.C. § 2000e-16(c) ("head of the department, agency, or unit, as appropriate, shall be the defendant").  Mr. Johnson has named Defendant Shinseki, as Secretary of the Department of Veterans Affairs.  Defendants Department of Veterans Affairs, Denver VA Medical Center, and its employees, Agents and Officers, and Lynette Roff, Hospital Administrator Denver VA Medical Center are improper parties.  The court may dismiss improper parties.  Fed. R. Civ. P. 21.  All Defendants except Defendant Shinseki are appropriately dismissed.  *See Drayton v. Veterans Administration*, 654 F. Supp. 558, 562 (S.D.N.Y. 1987) ("The United States has waived its sovereign immunity regarding employment discrimination claims only to the extent that such claims are made against 'the head of the department, agency, or unit, as appropriate. . . .'") (citing 42 U.S.C. § 2000e16(c));  *Bell v. Veteran's Admin. Hosp.*, 654 F. Supp. 69, 70 (W.D. La. 1987) ("Plaintiff should properly have sued . . . Administrator of Veterans Affairs.") (citations omitted).


B.    Exhaustion of Administrative Remedies

Defendants argue that this court lacks subject matter jurisdiction over Mr. Johnson's claims because he has not exhausted his administrative remedies.

As an employee of the VA, Mr. Johnson was a member of a union covered under the Federal Labor-Management Relations Act (FLMRA), 5 U.S.C. §§ 7101-35.[2]  "The FLMRA

---

[2]    The FLMRA is contained in Title VII of the Civil Service Reform Act ("CSRA") of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.).

requires collective bargaining agreements between a union and federal agency employer to

provide procedures for the settlement of employee grievances." *Douglas v. Norton*, No. 03-

1407, 167 F. App'x 698, 707 (10th Cir. Jan. 19, 2006) (citing 5 U.S.C. § 7121(a)(1)).  "It

further mandates that these procedures, with limited exceptions, 'be the exclusive

administrative procedures for resolving grievances which fall within its coverage.' "  *Id.*

(citation omitted).  An exception to this general rule is contained in § 7121(d), which states:

> An aggrieved employee affected by a prohibited personnel practice under [5
> U.S.C. § 2302(b)(1)-prohibited discrimination] which also falls under the
> coverage of the negotiated grievance procedure may raise the matter under a
> statutory procedure or the negotiated procedure, but not both.[3]

The U.S. Equal Employment Opportunity Commission ("EEOC") implementing regulations

provide that:

> When a person is employed by an agency subject to 5 U.S.C. § 7121(d) and is
> covered by a collective bargaining agreement that permits allegations of
> discrimination to be raised in a negotiated grievance procedure, a person
> wishing to file a complaint or a grievance on a matter of alleged employment
> discrimination must elect to raise the matter under either part 1614 or the
> negotiated grievance procedure but not both.

29 C.F.R. § 1614.301(a) (2003).  "Therefore, an employee who alleges he is the victim of

race discrimination may elect to proceed under either the negotiated grievance procedure or

the statutory procedure, but not both."  *Douglas v. Norton*, 167 F. App'x at 707.  *See also Gill*

*v. Summers*, No. 00–CV–5181, 2001 WL 283150, at *7 (E.D. Pa. Mar. 20, 2001) ("An

employee raising discrimination claims therefore must choose in which fora, either the

---

The CSRA "comprehensively overhauled the civil service system" and "created a new
framework for evaluating adverse personnel actions against [federal employees]." *Lindahl v.
Office of Personnel Mgmt.*, 470 U.S. 768, 773–74 (1985).

[3]    Section 2302(b)(1) of Title 5 "prohibits discrimination based on race, color, religion, sex
or national origin in certain personnel actions, including appointments, promotions, decisions
concerning pay or benefits and 'any other significant change[s] in duties, responsibilities, or
working conditions.'"  *Douglas v. Norton*, 167 F. App'x at 707 (citing 5 U.S.C. §
2302(a)(2)(A)(I), (ii), (ix), (xi), (b)(1)).

negotiated grievance procedure or the statutory forum, he wishes to pursue his administrative remedy.") (citation omitted).  An employee is deemed to have exercised his option to choose the statutory route when he timely initiates an action under the statutory procedure.  5 U.S.C.A. § 7121(d).  The EEOC regulations provide that the employee is considered to have initiated a statutory action when he files a written complaint.  29 C.F.R. § 1614.301(a).  The employee is deemed, alternatively, to have elected to pursue union grievance procedures when he timely files a grievance in writing in accordance with the negotiated grievance procedure.  5 U.S.C.A. § 7121(d); *see also* 29 C.F.R. § 1614.301(a).  "Once an employee elects a certain procedure, it is irrevocable and the employee must exhaust the remedies provided by that procedure." *Douglas v. Norton*, 167 F. App'x at 707 (citations omitted).  *See also Wilson v. U.S. Dept. of Transp.*, 759 F. Supp. 2d 55, 63 (D.D.C. 2001) (whichever route an employee chooses, he must then exhaust that administrative remedy before pursuing a claim in court).

      1.     Mr. Johnson's March 7, 2006 EEO Complaint

Mr. Johnson pursued his remedies via the statutory procedure, by seeking EEO counseling on January 27, 2006 and filing a formal complaint with the EEOC, Agency File No. 2003-0554-2006101176, on March 7, 2006.[4]  Mr. Johnson alleged that "Agency management officials, United States Department of Veteran Affairs, Denver Medical Center harassed and discriminated against him on the basis of race (African American), sex (male) and reprisal (prior EEO activity) when he was placed on administrative leave, issued a reprimand, assigned to various details, and denied sick leave." (*See* "Administrative Judge's

---

[4]   Mr. Johnson has filed at least 13 EEO complaints since 1991. (*See* Doc. # 23-3 at 9 of 18, ¶ II. A. 3.).

Decision without a Hearing in the Employment Discrimination Complaint of Fred Johnson v.

R. James Nicholson, Secretary, U.S. Department of Veterans Affairs, Agency" (Doc. # 23-3)

at 8 of 18). Mr. Johnson made a written request for a hearing on or about April 26, 2007.

(*See id.* at 11 of 18). On May 2, 2007, the parties to Mr. Johnson's complaint entered into a

settlement of some of the issues. (*See* Settlement Agreement (Doc. # 23-4) (wherein a

three-day suspension was substituted for Mr. Johnson's ten-day suspension)). The

remaining issues specifically addressed and determined by the EEOC Administrative Judge

included:

> (1)     On May 11, 2006, Complainant was placed on Administrative Leave
> (paid status for allegedly being verbally abusive toward his supervisor);
> (2)     On May 25, 2006, while on Administrative Leave, Complainant was
> issued a reprimand;
> (3)     On June 6, 2006, Complainant was detailed to the Business
> Office/Patient Records File room;
> (4)     On June 15, 2006, Complainant was detailed to the Administrative Office
> of Medical Service;
> (5)     On July 24, 2006, Complainant was informed by his supervisor's
> Administrative Officer that he could not use sick leave for time off work that was
> recommended by his doctor;
> (6)     On January 25, 2007, Complainant was informed that effective the same
> date (January 25, 2007), he would be permanently detailed to the Home
> Oxygen Program, Pulmonary Care.

(*See* Doc. # 23-3 at 12 of 18). On February 28, 2008, the Administrative Judge determined

that Mr. Johnson failed to establish his claims. (*See* Doc. # 23-3 at 13-16 of 18). The EEOC

issued its Final Order on March 19, 2008. (*See* Doc. # 23-3 at 3 of 18). Mr. Johnson's

appeal of the Final Order was denied on August 26, 2008. (*See* Doc. # 23-4). Mr. Johnson

was explicitly advised that he had the right to file a civil action in the United States Court for

the District of Colorado within 90 days. (*See id.* at 3 of 3). Mr. Johnson filed this civil action

in federal court on November 4, 2011.

     Defendants argue that Mr. Johnson's claims relating to his treatment following an

altercation with his supervisor are barred as untimely filed in this court.  As a federal

employee, Mr. Johnson was required to file his Title VII complaint within 90 days of receipt of

notice of final action by the EEOC.  *See* 42 U.S.C. § 2000e–16(c).  There is a rebuttable

presumption that this notice is received within five days of mailing.  *Witt v. Roadway Express*,

136 F.3d 1424, 1429 (10th Cir. 1998).  Mr. Johnson filed this civil action more than three

years after his appeal of the EEOC's Final Order was denied.  Compliance with Title VII's

90–day period for filing a civil lawsuit is not a jurisdictional prerequisite; rather, compliance is

a statutory condition precedent that functions like a statute of limitations and is subject to

waiver, estoppel, and equitable tolling.  *Biester v. Midwest Health Services, Inc.*, 77 F.3d

1264, 1267 (10th Cir. 1996) (citation omitted).  *See also Jarrett v. U.S. Sprint*

*Communications Co.*, 22 F.3d 256, 259–60 (10th Cir.1994) ("The ninety-day filing limit is not

jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver,

estoppel and equitable tolling") (citation omitted).  The equitable exceptions to this time

limitation are construed narrowly.  *Biester*, 77 F.3d at 1267.  The Tenth Circuit has "taken a

strict view of what necessitates equitable tolling."  *Jarrett*, 22 F.3d at 260.  Mr. Johnson does

not raise any questions of waiver, estoppel, or equitable tolling.

Mr. Johnson did not file this civil suit until November 4, 2011, far beyond the 90-day

requirement.  His claims raised in his EEO complaint, Agency File No. 2003-0554-

2006101176, are thus time barred.  To the extent Mr. Johnson alleges that he was harassed

and discriminated against on the basis of race, sex, and retaliation when he was placed on

administrative leave, issued a reprimand, assigned to undesired details, and denied sick

leave (*see* EEO complaint, Agency File No. 2003-0554-2006101176), such claims are

properly dismissed as time barred.  In his First Claim for Relief, Mr. Johnson alleges that on

or about May 10, 2006, he filed an assault charge against his supervisor, Mr. Sholar.  (*See*

Doc. # 5 at 7 of 27).  He alleges that "Responsible Management Officials" communicated "false allegations, engaged in ill founded gossip and rumors . . . that the plaintiff was a threat to employees and would possibly bring weapons on station to attack employees."  (*See id*.).  Mr. Johnson alleges that the VA "then based employment decisions regarding the plaintiff on these ill founded gossip and rumors."  (*See* Doc. # 5 at 7 of 27).  He alleges that VA employees signed a "secret and false document" that was based on these rumors and was relied on to change his working conditions and to terminate his employment .  (*See id.* at 7-10 of 27).  Mr. Johnson's First Claim for Relief relates to his treatment following an altercation with his supervisor.  (*See* Doc. # 5 at 10-11 of 27 (alleging he was subjected to adverse employment actions, including reassignment to details and job assignments that "sprang forth as a result of the assault charge" he "filed against his supervisor."))  The First Claim for Relief is barred as untimely filed in the federal court and is thus properly dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

2.      Mr. Johnson's December 4, 2007 EEO Complaint

Mr. Johnson filed another complaint of discrimination with the EEOC, Agency File No. 2003-0554-2007103939, on December 4, 2007.  He alleged that he was subjected to harassment:

    1.      On September 17 and November 19, 2007, the complainant was not allowed equal access to the department which disadvantaged him when competing for assignments and promotions
    2.      On October 26, 2007, the complainant was instructed by DB, Pulmonary Care Manager, not to come to the Department to meet with LC, co-worker
    3.      As of October 26, 2007, the complainant has not received his performance appraisal for FY07 or FY06
    4.      On August 30, 2007, the complainant was placed on a detail to stuff envelopes.
    5.      On August 29, 2007, RH, doctor in Pulmonary section, wrote an email accusing the complainant of dereliction of duty.

6.      On August 24, 2007, the complainant received a notice from Human Resources modifying his restricted access to sixth-floor Respiratory Therapy Office.

7.      On or around December 21, 2007, the Home Oxygen/Respiratory Therapy held a Christmas party and the complainant was not invited.

8.      On or around December 21, 2007, the complainant learned that employees working in respiratory therapy received monetary incentive awards and the complainant did not receive an award.

9.      On December 21, 2007, the complainant was assigned to perform pulse oximetry every Wednesday

10.     On or about February 5, 2008, the complainant became aware co-workers JB and PM in the Home Oxygen/Respiratory Section receive more pay for performing the same duties as the complainant.

11.     On or around February 20, 2008, management assigned JB to work in a cubicle next to the complainant.

12.     On or around February 22, 2008, complainant alleged disparate treatment when BJ, received better treatment regarding work place disputes involving VS supervisor.

13.     On or about April 25, 2008, the complainant was instructed by DB to attend a home oxygen department meeting by phone.

(*See* Doc. # 5 at 26 of 27).  On June 10, 2008, Mr. Johnson submitted two additional claims as an amendment to the complaint:

1.      On or around May 22, 2008, the complainant was instructed by DB, Pulmonary Care Manager, to attend a Home Oxygen department meeting by phone.

2.      On May 25, 2008, the complainant requested to work the holiday weekend and was denied the opportunity for overtime and holiday pay, although his white female co-workers were allowed to work.

(*See* Doc. # 5 at 27 of 27).  The EEOC issued its Final Order on August 8, 2011.  (*See* Doc. # 5 at 23 of 27).  Mr. Johnson timely filed this civil action in federal court on November 4, 2011, within 90 days of notice of final action by the EEOC.

In his Third Claim for Relief, Mr. Johnson alleges that on or about December 2007, he filed an EEO complaint of discrimination against the VA based on "discriminatory actions, harassment and reprisals" against him in 2006, 2007, and 2008.  (*See* Doc. # 5 at 14 of 27).  Mr. Johnson alleges that he was subjected to separate and unequal terms and conditions of employment in violation of the employment contract.  (*See id.* at 15).  Mr. Johnson specifically

alleges violation of the Master Agreement's provisions governing performance appraisals. (*See id.* at 14 ("including . . . Violations of Articles # 10, 12, 13, 15, 16, 17, 26, 34, 36 . . . .")). To the extent that Mr. Johnson's Third Claim for Relief encompasses the issues raised in his December 4, 2007 complaint of discrimination, Agency File No. 2003-0554-2007103939, this claim is not properly dismissed at this time and shall proceed.

       3.     Mr. Johnson's January 8, 2009 Union Grievance

Mr. Johnson also pursued his remedies via the negotiated grievance process. On January 8, 2009, Mr. Johnson filed a grievance through the Union protesting his termination, among other things. (*See* Award of the Arbitrator, Exhibit A to Motion (Doc. # 23-1) at 4, 19 of 28). The grievance alleged unsuitable work space and work duties, failure to deliver a position description, failure to issue performance appraisals for a 2-year period, and unwarranted reassignment and termination. (*See id.* at 19 of 28). The grievance specifically incorporated the statements made in Mr. Johnson's "written reply to the agency's September 19, 2008, Proposed Removal." (*See* Doc. # 23-1 at 19, 27 of 28). The grievance was denied by the Agency, and the Union invoked its contractual right to submit the grievance to arbitration. (*See id.* at 20-22 of 28). The arbitration hearing was held on June 25 and 26, 2009. (*See* Doc. # 23-1 at 1 of 28). On November 22, 2009, the Arbitrator concluded that the "Agency had just and sufficient cause to remove [Mr. Johnson] on or about January 3, 2009. . . ." (*See id.* at 16 of 28). The Arbitrator also concluded that the evidence did not support Plaintiff's "claim of illegal discrimination and reprisal." (*See id.*). Mr. Johnson did not appeal this decision to the Merit System Protections Board ("MSPB").

Defendants argue that Mr. Johnson's failure to seek review of the denial of his Union grievance by the MSPB divests the court of subject-matter jurisdiction over his claims. *See*

*Am. Fed'n of Gov't Employees v. Reno*, 992 F2d 331, 335 (D.C. Cir. 1993) ("[A]n employee who chooses the negotiated grievance procedure must take the arbitrator's decision to the MSPB before seeking judicial review.") (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 829-33 (1976) (claim for judicial review is not ripe until employee has exhausted administrative remedies));  *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003) ("If the employee chooses to appeal to the MSPB . . . [he or she] will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy." ).  Because Mr. Johnson did not pursue his administrative remedies in the MSPB forum, his Title VII claims based on the claims raised in his union grievance must be dismissed for lack of subject matter jurisdiction. *See Castro v. United States*, 775 F.2d 399 (1st Cir. 1985) (upholding district court's dismissal of  plaintiffs' Title VII and age discrimination suit because he failed to exhaust administrative remedies when he "voluntarily abandoned the MSPB process" before the Board had the opportunity to rule on the merits, precluding MSPB from rendering a final and reviewable order), *abrogated on other grounds by Stevens v. Dept. of Treasury*, 500 U.S. 1 (1991); *Moore v. Pierce*, Civ. A. No. 86-M-1846, 1992 WL 535398, at ** 6-7 (D. Colo. Dec. 7, 1992) (court lacked jurisdiction for failure to exhaust administrative remedies, based on withdrawal of MSPB appeal in accordance with settlement agreement before Board could rule on merits of discrimination claim).

To the extent Mr. Johnson alleges unsuitable work space and work duties, failure to deliver a position description, failure to issue performance appraisals for a 2-year period, and unwarranted reassignment and termination, such claims are properly dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on failure to exhaust administrative remedies.  In his Second Claim for Relief, Mr. Johnson alleges that "after the plaintiff filed an

12

assault charge against his supervisor on [M]ay 10th 2006, the agency refused to abide by the employment contract and refused to issue the required yearly written employment evaluation to the plaintiff for the years 2006, 2007 and 2008" and "then terminated the plaintiff from employment on January 3, 2009 . . . without the benefit of the required written yearly employment evaluation as required by the employment contract . . . ." (*See* Doc. # 5 at 13 of 27). Mr. Johnson's Second Claim for Relief consists of unexhausted claims and is properly dismissed pursuant to Rule 12(b)(1).

Accordingly, IT IS ORDERED that:

1.      "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(b)(6)" (filed February 21, 2012) (Doc. # 23) is GRANTED IN PART.

   a.      Defendants Department of Veterans Affairs, Denver VA Medical Center, and its employees, Agents and Officers, and Lynette Roff, Hospital Administrator Denver VA Medical Center are dismissed as improper partes.

   b.      The First Claim for Relief is dismissed pursuant to Rule 12(b)(6) as untimely filed in the federal court.

   c.      The Second Claim for Relief is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on failure to exhaust administrative remedies.

   d.      This civil action shall proceed only on the Third Claim for Relief against Defendant Eric K. Shinseki, Secretary Department of Veterans Affairs, as limited by the claims Mr. Johnson brought in his December 4, 2007 complaint of discrimination with the EEOC, Agency File No. 2003-0554-2007103939.

   e.      Defendant Shinseki shall file an Answer to the remaining claim **on or before Friday, October 5, 2012**.

   f.      A Preliminary Scheduling Conference will be held on **Thursday November 8, 2012** at 10:00 a.m., in Courtroom A402, Fourth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The parties need not comply with the requirements of Fed. R. Civ. P. 16 and D.C.COLO L.CIVR. 16.2 and

26.1.  The purpose of the conference is to set a schedule for any discovery and the filing of any motions as to the remaining claim.

DATED at Denver, Colorado, this 14th day of September, 2012.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge