IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 11-cv-02881-CBS

FRED JOHNSON,
     Plaintiff,

v.

ERIC. K. SHINSEKI, Secretary Department of Veterans Affairs,
     Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

     This civil action comes before the court on "Defendant's Motion for Judgment on the Pleadings." On March 26, 2012, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* Doc. # 33). The court has reviewed the Motion, Mr. Johnson's Response and conventionally submitted exhibits (filed November 2, 2012) (Doc. # 49), Defendant's Reply (filed November 16, 2012) (Doc. # 51), the pleadings, the proceedings held on March 13, 2012 and November 8, 2012, and the entire case file and is sufficiently advised in the premises.

I.     Statement of the Case

     Mr. Johnson began his employment for the United States Department of Veterans Affairs ("VA") as a Respiratory Therapist in March 1991. (*See* Amended Complaint ("AC") (Doc. # 5) at 12 of 27). Mr. Johnson "was a bargaining unit employee covered by" the "Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees " (Master Agreement"). (*See id.*). He was terminated from his employment on January 3, 2009. (*See id.* at 13 of 27). Mr. Johnson filed suit against several Defendants for

1

race, color, and gender discrimination in breach of the Master Agreement and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* for: (1) making employment decisions based on "ill founded gossip and rumors," (2) failure "to issue the required yearly written employment evaluation to the plaintiff for the years 2006, 2007 and 2008," and (3) unspecified acts of discrimination, harassment, and retaliation for filing an EEO charge of discrimination in December 2007. (*See* Doc. # 5 at 2-15 of 27). Mr. Johnson seeks monetary and injunctive relief. (*See* Doc. # 5 at 17-19 of 27). On September 14, 2012, the court granted Defendants' Motion to Dismiss in part and dismissed from the case the First and Second Claims for Relief and Defendants Department of Veterans Affairs, Denver VA Medical Center, and its employees, Agents and Officers, and Lynette Roff. (*See* Memorandum Opinion and Order (Doc. # 43)). "To the extent that Mr. Johnson's Third Claim for Relief encompasses the issues raised in his December 4, 2007" EEO Complaint, Agency File No. 2003-0554-2007103939, the court denied Defendants' Motion to Dismiss. (*See id.*).

II.     Standard of Review

Defendant moves pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion for judgment on the pleadings is designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered based on the content of the pleadings and any facts of which the court will take judicial notice." *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995) (citations omitted). *See also Yassan v. J.P. Morgan Chase & Co.*, No. 12–2313, 2013 WL 717481, at *11 (7th Cir. Feb. 28, 2013) (motion more appropriately brought under Rule 12(c) because it relied on affirmative defenses, such as the administrative-filing requirement for Title VII and untimeliness).

2

The court applies the same standard of review to a motion for judgment on the pleadings under Rule 12(c) as it does to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

> Two recent decisions from the Supreme Court have clarified the analysis that the Court undertakes when reviewing a pleading under Rule 12(b)(6) standards. First, although detailed factual allegations are not required, a complaint must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  Rather, a complaint must have sufficient factual assertions to raise a right to relief above the speculative level.  Second, because a court is not bound to accept as true a legal conclusion couched as a factual allegation, it must first identify and disregard averments that are no more than conclusions [which] are not entitled to the assumption of truth.  A court then examines the remaining, well-pled factual allegations, assuming their veracity, and determine whether they plausibly give rise to an entitlement to relief.

*Schmaltz v. Zavaras*, No. 08-cv-00134-MSK-CBS, 2010 WL 466149, at * 2 (D. Colo. Feb. 7, 2010) (internal quotation marks and citations omitted).  In reviewing a Rule 12(c) motion, the court accepts as true all well-pleaded material allegations of the opposing party's pleadings and "grants all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co.*, 698 F.3d at 1228.

Because Mr. Johnson appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  "However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English." *Schmaltz*,  2010 WL 466149, at * 2 (citation omitted).  "Pro se status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same

standard as counsel licensed to practice law before the bar of this Court." *Id.* (citations omitted).

"[T]he generous construction" that is afforded pro se pleadings has limits, and the court "must

avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018,

1024 (10th Cir. 2012)(citation omitted).   Although the court does not "hold the pro se plaintiff to

the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own

cause of action." *Id.* (internal quotation marks and citations omitted).   Thus, the court "may not

rewrite a [complaint] to include claims that were never presented." *Id.*   A court may not assume

that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws

in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th

Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New

Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").

III.   Analysis

    In his Third Claim for Relief, Mr. Johnson alleges that "[o]n or about December 2007," he

"filed an EEO complaint of discrimination" against the VA based on "discriminatory actions,

harassment and reprisals" against him in 2006, 2007, and 2008.  (*See* Doc. # 5 at 14 of 27). Mr.

Johnson alleges that he was subjected "to separate and unequal terms and conditions of

employment" in violation of the Master Agreement, which he refers to as "the employment

contract." (*See id.* at 15).   Mr. Johnson specifically alleges violation of the Master Agreement's

provisions governing performance appraisals. (*See id.* at 14 ("including . . . Violations of Articles

# 10, 12, 13, 15, 16, 17, 26, 34, 36 . . . .")).  Defendant argues that the Third Claim for Relief

must be dismissed for lack of subject matter jurisdiction to the extent that the issues raised were

not administratively exhausted and for the absence of factual allegations to plausibly support

any claims of harassment, discrimination, and retaliation in violation of Title VII.


A.      Lack of Subject Matter Jurisdiction for Failure to Exhaust Administrative Remedies

        Because Mr. Johnson did not seek review by the Merit Systems Protection Board

("MSPB") of the denial of his Union grievance, the court granted Defendants' Motion to Dismiss

as to the Title VII claims based on "unsuitable work space and work duties, failure to deliver a

position description, failure to issue performance appraisals for a 2-year period, and

unwarranted reassignment and termination." (*See* Doc. # 43 at 12 of 14).  The court denied

Defendants' Motion to Dismiss "[t]o the extent that Mr. Johnson's Third Claim for Relief

encompasses the issues raised in his December 4, 2007" EEO Complaint, Agency File No.

2003-0554-2007103939.  (*See id.*).  In his December 4, 2007 complaint of discrimination,

Agency File No. 2003-0554-2007103939 (hereinafter "EEO Complaint"), Mr. Johnson alleged

that he "was subjected to harassment:"

> 1.      On September 17 and November 19, 2007, the complainant was not
> allowed equal access to the department which disadvantaged him when
> competing for assignments and promotions
> 2.      On October 26, 2007, the complainant was instructed by DB, Pulmonary
> Care Manager, not to come to the Department to meet with LC, co-worker
> 3.      As of October 26, 2007, the complainant has not received his performance
> appraisal for FY07 or FY06
> 4.      On August 30, 2007, the complainant was placed on a detail to stuff
> envelopes.
> 5.      On August 29, 2007, RH, doctor in Pulmonary section, wrote an email
> accusing the complainant of dereliction of duty.
> 6.      On August 24, 2007, the complainant received a notice from Human
> Resources modifying his restricted access to sixth-floor Respiratory Therapy
> Office.
> 7.      On or around December 21, 2007, the Home Oxygen/Respiratory Therapy
> held a Christmas party and the complainant was not invited.
> 8.      On or around December 21, 2007, the complainant learned that employees
> working in respiratory therapy received monetary incentive awards and the

complainant did not receive an award.

9.      On December 21, 2007, the complainant was assigned to perform pulse oximetry every Wednesday

10.     On or about February 5, 2008, the complainant became aware co-workers JB and PM in the Home Oxygen/Respiratory Section receive more pay for performing the same duties as the complainant.

11.     On or around February 20, 2008, management assigned JB to work in a cubicle next to the complainant.

12.     On or around February 22, 2008, complainant alleged disparate treatment when BJ, received better treatment regarding work place disputes involving VS supervisor.

13.     On or about April 25, 2008, the complainant was instructed by DB to attend a home oxygen department meeting by phone.

(*See* Doc. # 5 at 26 of 27).  On June 10, 2008, Mr. Johnson submitted two additional claims as

an amendment to his EEO Complaint:

1.      On or around May 22, 2008, the complainant was instructed by DB, Pulmonary Care Manager, to attend a Home Oxygen department meeting by phone.

2.      On May 25, 2008, the complainant requested to work the holiday weekend and was denied the opportunity for overtime and holiday pay, although his white female co-workers were allowed to work.

(*See* Doc. # 5 at 27 of 27).  To the extent that Mr. Johnson alleges "unsuitable work space and

work duties, failure to deliver a position description, failure to issue performance appraisals for a

2-year period, and unwarranted reassignment and termination" in his Third Claim for Relief,

such claims are precluded for failure to pursue his administrative remedies in the MSPB forum

and properly dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on

failure to exhaust administrative remedies.[1]  The court concludes that, at the very least, the

issues raised by Mr. Johnson in ¶ 3 ("As of October 26, 2007, the complainant has not received

his performance appraisal for FY07 or FY06"), ¶ 4 ("On August 30, 2007, the complainant was

placed on a detail to stuff envelopes."), ¶ 6 ("On August 24, 2007, the complainant received a

_____

[1]      In his December 4, 2007 EEO Complaint, Agency File No. 2003-0554-2007103939, Mr. Johnson did not raise any events that occurred in 2006.  Thus, he has not exhausted any claim based on events that occurred in 2006.

6

notice from Human Resources modifying his restricted access to sixth-floor Respiratory Therapy Office."), ¶ 9 ("On December 21, 2007, the complainant was assigned to perform pulse oximetry every Wednesday"), and ¶ 11 ("On or around February 20, 2008, management assigned JB to work in a cubicle next to the complainant.") are properly dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on failure to exhaust administrative remedies.

B.     Failure to State a Claim for Entitlement to Relief

Mr. Johnson alleges that Defendant "engaged in a series of discriminatory actions, harassment and reprisals" against him based on his race, color, and gender.  (*See* Doc. # 5 at 2, 14 of 27).  Construed liberally, the allegations raised in his EEO Complaint that may not be precluded for failure to pursue his administrative remedies in the MSPB forum and are encompassed in Claim Three include: "1. On September 17 and November 19, 2007, the complainant was not allowed equal access to the department which disadvantaged him when competing for assignments and promotions,"  "2. On October 26, 2007, the complainant was instructed by DB, Pulmonary Care Manager, not to come to the Department to meet with LC, coworker;"  "5. On August 29, 2007, RH, doctor in Pulmonary section, wrote an email accusing the complainant of dereliction of duty," "7. On or around December 21, 2007, the Home Oxygen/Respiratory Therapy held a Christmas party and the complainant was not invited," "8. On or around December 21, 2007, the complainant learned that employees working in respiratory therapy received monetary incentive awards and the complainant did not receive an award," "10. On or about February 5, 2008, the complainant became aware coworkers JB and PM in the Home Oxygen/Respiratory Section receive more pay for performing the same duties as the complainant,"  "12. On or around February 22, 2008, complainant alleged disparate treatment when BJ, received better treatment regarding work place disputes involving VS

7

supervisor," "13. On or about April 25, 2008, the complainant was instructed by DB to attend a home oxygen department meeting by phone," "1. On or around May 22, 2008, the complainant was instructed by DB, Pulmonary Care Manager, to attend a Home Oxygen department meeting by phone," and "2. On May 25, 2008, the complainant requested to work the holiday weekend and was denied the opportunity for overtime and holiday pay, although his white female co-workers were allowed to work." (*See* Doc. # 5 at 26-27 of 27).   Defendant argues that the facts pled by Mr. Johnson do not support a plausible claim for relief for discrimination, harassment, or retaliation.

Title VII of the Civil Rights Act of 1964 broadly forbids employers from discriminating against employees on the basis of the employees' race, color, religion, sex, or national origin. Title 42 U.S.C. § 2000e–2(a).  A plaintiff may also establish a violation of Title VII by proving that discrimination has created a hostile or abusive work environment.  *See Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66 (1986) (discrimination based on gender);  *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1138 (10th Cir. 2008) ("Although Title VII does not explicitly mention hostile work environment, a victim of a racially hostile work environment may nevertheless bring a cause of action under Title VII.") (internal quotation marks and citation omitted).  Additionally, Title VII prohibits employers from retaliating against an employee who engages in certain protected activities. See 42 U.S.C. § 2000e-3(a).  A Title VII plaintiff is not required "to plead facts establishing a prima facie case," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), but she must plead sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

1.    Discrimination Based on Gender

As to his allegation that he was discriminated against based on his gender, Mr. Johnson fails to state a plausible reverse gender discrimination claim.  To state a prima facie case, a plaintiff alleging reverse discrimination "must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority."  *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).  When plaintiff is a member of a historically favored group, an inference of invidious intent is warranted only when "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority."  *Adamson v. Multi Community Diversified Services*, 514 U.S. 1136, 1149 (10th Cir. 2008) internal quotation marks and citations omitted).  Alternatively, a plaintiff may produce facts "sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred."  *Id.* at 590.  *See also Mattioda v. White*, 323 F.3d 1288, 1293 (10th Cir. 2003) (reaffirming *Notari*).

Mr. Johnson alleges no more than "[t]he agency subjected the plaintiff to separate and unequal terms and conditions of employment compared to the terms and conditions which his coworkers enjoyed . . . ." (*See* Doc. # 5 at 15 of 27).  To state a reverse sex discrimination claim, "[i]t is not enough, however, for a plaintiff merely to allege that he was a qualified man who was treated differently than a similarly situated woman."  *Adamson*, 514 F.3d at 1150.  *See also Larson v. United Air Lines*, No. 11-1313, 2012 WL 1959471, at *4 (10th Cir. June 1, 2012) ("finding that differential treatment is insufficient to state a claim for reverse discrimination") (internal citation and quotation omitted).  Mr. Johnson's allegations fall far short of stating "background circumstances" sufficient to create an inference of reverse discrimination under *Notari*'s standards.  The AC does not include factual allegations sufficient to state a claim for

9

Title VII reverse gender discrimination.

2.    Discrimination Based on Race

A plaintiff can prove discrimination with direct or circumstantial evidence. *Adamson*, 514 F.3d at 1150 (citation omitted). "Direct evidence demonstrates on its face that the employment termination was discriminatory." *Id.* "Circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination that discrimination, in fact, has occurred." *Id.* "Plaintiff has the ultimate burden of proving, either directly or indirectly, that defendant intentionally discriminated against him." *Id.* "Where a plaintiff relies on circumstantial evidence, the Supreme Court has established a three step burden-shifting framework for determining whether a plaintiff's evidence raises an inference of invidious discriminatory intent sufficient to survive summary judgment." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). "To state a prima facie case of discrimination under *McDonnell Douglas*, a plaintiff must demonstrate by a preponderance of the evidence that (1) she belongs to a protected class; (2) she applied for an available position for which she was qualified; (3) she was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013). To establish a prima facie case of hostile work environment harassment, a plaintiff must show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir.1998) (internal quotation marks and citation omitted).

First, no facts alleged in the AC would support a claim that Mr. Johnson was discriminated against based on his race. The allegations raised in Plaintiff's December 4, 2007

EEO Complaint are not stated in the AC.  Even if the court construes the allegations raised in Plaintiff's EEO Complaint as being incorporated into the AC, they fail to plausibly state a claim upon which relief may be granted.  He does not allege the race of other employees he refers to in his EEO Complaint.  (*See* Doc. # 5 at 26 of 27, ¶¶ 1, 2, 5, 7, 8, 10; 27 of 27 ¶¶ 12, 13, 1, 2).  Mr. Johnson does not allege any circumstances that would directly or indirectly suggest discriminatory intent, *e.g.*, that he was treated less favorably than other employees of different races.  To state a claim, Mr. Johnson must set forth factual circumstances from which discriminatory motivation may be inferred.  *Buck v. Drake*, 2009 WL 723242, at *3 (D. Utah Mar. 16, 2009) (dismissing discrimination complaint as frivolous where "Plaintiff does not allege any facts showing that Defendants were motivated by any invidious discriminatory animus.").

Mr. Johnson sets forth conclusory allegations that may not be assumed true.  *See Iqbal*, 556 U.S. 662, 681-82 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Khalik v. United Airlines*, No. 10-cv-01490-DME-MJW, 2010 WL 5068139, at *3 (D. Colo. Dec. 7, 2010) ("This allegation consists of a bare assertion and a legal conclusion, neither of which constitutes a well-pleaded fact," which the "Court is not required to accord an assumption of truth to these unsupported allegations.").  The facts alleged support no more than speculation as to any discriminatory motive of the Defendant.  Mr. Johnson's vague, general allegations are not sufficient to state a claim for disparate treatment or discrimination.  *See Robbins v. Okla.*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (holding that allegations in a complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief").  Mr. Johnson's "unadorned, the-defendant-unlawfully- harmed-me accusation[s]" are not sufficient to state a claim upon which relief may be granted.  *Iqbal*, 556 U.S. at 678.  *See also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010) (finding a plaintiff's introductory

statement that he was subjected to a hostile discriminatory environment on the basis of race insufficient to satisfy Rule 8 and explaining that "[a]n introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief").  Mr. Johnson's allegations do not plausibly suggest the alleged employment actions took place under circumstances giving rise to an inference of discrimination.

Second, Mr. Johnson does not allege any facts that would demonstrate a hostile work environment based on his race.  Other than vaguely alleging "harassment," Mr. Johnson alleges no specific conduct directed at him on the basis of his race that would be actionable under Title VII.  To state a hostile work environment, a plaintiff must allege a factual basis for "a rational jury" to "find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and that the victim "was targeted for harassment because of [his] . . . race[ ]. . . ."  *Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (citations omitted).  A plaintiff must allege more than "a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments."  *Id.* (internal quotation marks and citation omitted).  Mr. Johnson makes no specific allegations in the AC of racial enmity or racial slurs, or when or how many times such comments occurred.  Even if the court construes the allegations raised in Mr. Johnson's EEO Complaint as incorporated into the AC, they do not set forth any incidents of intimidation, ridicule, or insult.  Mr. Johnson does not meet even the most minimal pleading requirements for a hostile work environment claim.  *See Iqbal*, 556 U.S. at 678 (complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

3.      Retaliation

In Claim Three, Mr. Johnson generally alleges that he was subjected to "reprisals" in 2006, 2007, and 2008 based on the filing of his EEO Complaint on December 4, 2007.  (*See* Doc. # 5 at 14 of 27).  A retaliation claim, like a discrimination claim, may be supported by direct evidence or by a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011).  A prima facie case of retaliation under Title VII has three elements: "(1) the plaintiff engaged in protected opposition or participated in a Title VII proceeding; (2) the employer acted adversely subsequent to or contemporaneous with employee activity; and (3) there is causal connection between plaintiff's activity and the employer's action."  *Mattioda*, 323 F.3d at 1293.

First, Mr. Johnson could not plausibly have been retaliated against in 2006 or prior to December 4, 2007 based on his EEO Complaint filed on December 4, 2007.  His allegations of conduct that occurred in August, September, October, and November of 2007 are necessarily precluded.  (*See* Doc. # 5 at 26 of 27).  Second, the AC does not include factual allegations sufficient to state a claim for retaliation under Title VII.  Mr. Johnson's retaliation allegations are not distinguished from his allegations of gender and race discrimination, even though they form distinct claims.  Mr. Johnson does not allege in the AC or his EEO Complaint that the persons named knew of his protected activity.  There are no allegations suggesting that the protected activity of filing his EEO Complaint caused the events that he alleges occurred between December 21, 2007 and May 25, 2008.  (*See* Doc. # 5 at 26-27 of 27).  Mr. Johnson has not alleged a pattern of retaliatory conduct beginning soon after he engaged in protected activity on December 4, 2007 and culminating in his eventual discharge on January 3, 2009 that gives rise to the inference that his termination was retaliatory.  The absence of specific allegations would require pure speculation as to any inference of discrimination or retaliation by the persons

named.  Claim Three fails to state a plausible claim for retaliation.

      4.    Mr. Johnson's Response to Defendant's Motion

      Mr. Johnson discusses his employment at the VA at length in his Response.  (*See* Doc. # 49).  Even if the court could consider arguments in the Response that do not appear as allegations in the AC, Mr. Johnson's arguments do not suffice to defeat Defendant's Motion. *See Blackmon v. U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1267 (D. Kan. 2011) ("To the extent Plaintiff tried to assert additional or different claims in her response to Defendant's motion to dismiss, those claims are not allowed.");  *In re Qwest Communications Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) (holding that "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss").  In his Response, Mr. Johnson again offers mere speculation without factual support for his claims of discrimination, hostile work environment, and retaliation.  Mr. Johnson does not set forth facts regarding racial or gender enmity or retaliation based on protected activity.  In fact, the exhibits submitted with his Response include references to Mr. Johnson's inappropriate conduct in the workplace.  Mr. Johnson's Response does not cure the legal deficiency in his AC, that he has failed to allege facts that plausibly give rise to an entitlement to relief.

IV.    Conclusion

      The facts alleged in the AC are not sufficient to raise above the speculative level and render plausible Mr. Johnson's right to relief under Title VII.  Defendant is entitled to judgment on the pleadings because the allegations in Claim Three of the AC fail to plausibly state a claim for discrimination, hostile work environment, or retaliation.  Accordingly, IT IS ORDERED that "Defendant's Motion for Judgment on the Pleadings" (filed October 18, 2012) (Doc. # 47) is

GRANTED and the Third Claim for Relief is dismissed.  With no claims remaining, this civil action is dismissed in its entirety.

DATED at Denver, Colorado, this 24th day of May, 2013.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge